1  WALTER R. CANNON, ESQ.
   Nevada Bar No. 001505
2  KATHERINE J. GORDON, ESQ.
   Nevada Bar No. 005813
3  OLSON, CANNON
   GORMLEY & DESRUISSEAUX
4  9950 W. Cheyenne Avenue
   Las Vegas, Nevada 89129
5  (702) 384-4012 - telephone
   (702) 383-0701 - facsimile
6  Attorneys for Defendant/
   Counterclaimant
7  CLARK COUNTY, NEVADA

8              **UNITED STATES DISTRICT COURT**

9               **DISTRICT OF NEVADA**

10

11  SAFETY MUTUAL CASUALTY                )
    CORPORATION,                          )
12                                        )
            Plaintiff,                    )
13                                        )
    vs.                                   )
14                                        )
    CLARK COUNTY, NEVADA, and             )
15  DOES I through 50, inclusive,         )
                                          )
16          Defendant.                    )        Case No 2:10-cv-00426-PMP-PAL
                                          )
17  CLARK COUNTY, NEVADA,                 )
                                          )
18          Counterclaimant,              )
                                          )
19  vs.                                   )
                                          )
20  SAFETY MUTUAL CASUALTY                )
    CORPORATION, and DOES 1               )
21  through 50, inclusive,                )
                                          )
22          Counterdefendant.             )
                                          )
23  _____  )

24      **EMERGENCY MOTION TO ENLARGE TIME FOR DEFENDANT
         TO RESPOND TO PLAINTIFF'S MOTIONS FOR SUMMARY**
25          **JUDGMENT, BIFURCATION AND TO TAKE**
                    **JUDICIAL NOTICE**
26                 **(3rd Request)**

27

28

OLSON, CANNON, GORMLEY & DESRUISSEAUX
Law Offices of
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Telecopier (702) 383-0701

COMES NOW Defendant, CLARK COUNTY, NEVADA, and hereby moves this Honorable Court, on an emergency basis, for an Order extending the date set for Defendant's Oppositions to Plaintiff's Motions for Summary Judgment, Bifurcation and Judicial Notice from its current date of January 11, 2012, until February 3, 2012.

This Motion is made and based upon the Affidavits of Walter R. Cannon, Esq. (attached hereto as Exhibit "A") and Katherine J. Gordon, Esq. (attached hereto as Exhibit "B") which set forth at length the need for the requested extension and the basis for counsels' request. This is the third request for an extension of the Opposition due date that the Defendants have sought and the request is made in good faith and not merely for the purposes of delay.

Prior to filing the instant Motion, defense counsel contacted Plaintiff's attorney advising him of the basis for the Motion and requesting a stipulation to continue the due date for the Oppositions. In response, Plaintiff's counsel advised "we have decided not to offer any further extensions by stipulation." (See e-mail between counsel attached hereto as Exhibit "C"). As a consequence, Defendant now has no alternative except to move the Court for the requested extension.

## POINTS AND AUTHORITIES

### I.

### EMERGENCY NATURE OF THE MOTION

Defendant has filed the instant Motion on an emergency basis as the due date set for its Oppositions is January 11, 2012. Until Friday, January 6, 2012, defense counsel did not believe that a case they had set for trial on January 17, 2012 would actually be going to trial. Counsel had hoped that the case would settle or, in the alternative, be trailed on the calendar. Unfortunately, at the Calendar Call on January 6, 2012, the Court advised counsel that the case would start on January 17, 2012, as all other cases set for that date had been vacated.

As set forth at length below, defense counsel had been prohibited, given a rather comprehensive deposition schedule in another case, to dedicate the time necessary to prepare their Oppositions to Plaintiff's Motions. Until January 6, 2012, defense counsel fully believed that they could complete their Oppositions by the January 11, 2012 due date. However, when the Court set

OLSON, CANNON, GORMLEY & DESRUISSEAUX
Law Offices of
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

the January 17, 2012 trial date, counsel had no alternative except to contact Plaintiff's attorney requesting a third and final extension of time for their Oppositions. As a consequence, on the morning of January 9, 2012, defense counsel contacted Plaintiff's attorney, explained the situation and requested an extension. Plaintiff's counsel flatly refused to give Defendant any further time, thereby necessitating the instant Motion.

Given the January 11, 2012 Opposition due date, the instant Motion needs to be heard as quickly as convenient for the Court. Hence, the emergency designation.

## II.

## FACTS

The factual and procedural history of this litigation is long and complex. However, for the purposes of the instant Motion, the salient facts can be summarized as follows:

This case arises from a coverage dispute between Safety Mutual Casualty Corporation (hereinafter "Safety") and Clark County, Nevada (hereinafter "Clark County") over reimbursement for two workmen's compensation claims by Clark County employees, Lloyd Johnson and Michael Lucas. Safety has refused to honor Clark County's reimbursement request for approximately $350,000.00 on these claims contending that Clark County violated certain provisions of the Safety policy.

In its Answer and Counterclaim, Clark County contends that Safety failed to timely and properly notify Clark County of its coverage reservations, to properly investigate the claims' reservations and waived any coverage defenses by waiting almost 7 years to make any decision on the reservations. As a consequence, Clark County not only seeks coverage under the Safety policy, but damages for bad faith and violation of Nevada's Unfair Trade Practices Act (NRS 686A.310).

During the course of the parties' discovery, numerous depositions were taken on both sides and literally hundreds of documents were exchanged. Indeed, Plaintiff's Motion for Summary Judgment contains 79 exhibits which reference a number of these depositions and documents. As the parties were attempting to conclude their respective discovery in November of 2011, they agreed to attempt to resolve their differences, short of trial, in a private mediation. To this end, former Nevada Supreme Court Justice William W. Maupin was contacted and a mediation date of

1    December 9, 2011 was set. Prior to the established date, Safety, on November 23, 2011, filed two

2    substantive motions–a Motion for Summary Judgment and a Motion for Bifurcation–and a

3    Motion asking the Court to take judicial notice of a prior workmen's compensation administrative

4    decision.

5           The initial response due dates on these Motions was December 12 and 17, 2011,

6    respectively. However, given the parties' pending mediation on December 9, 2011, the parties

7    stipulated, as a cost-saving measure, to extend the Opposition due dates until after the mediation.

8    As a consequence, the Court entered an Order setting December 27, 2011 as the new due date for

9    the Oppositions. [See Court Docket No. 44].

10          Unfortunately, Justice Maupin was forced to cancel the December 9, 2011 mediation and

11   was unable to reschedule the parties until February 6, 2012. As a consequence, the County

12   requested a further extension of the Opposition due dates until after the newly-established

13   mediation date. Although Safety's counsel was willing to grant additional time, they were

14   unwilling to extend the response due date beyond the new mediation date. As a consequence, the

15   parties stipulated to a January 11, 2012 date for the filing of the Defendant's Oppositions. [See

16   Court Docket No. 46].

17          The County now comes before this Honorable Court seeking a third and final extension of

18   the Opposition due dates. The County is not requesting the extension to further delay these

19   proceedings or to deprive Plaintiff of its Oppositions prior to the February 6, 2012 mediation date.

20   Rather, the County is requesting the extension based upon the comprehensive nature of the subject

21   Motions, counsel and family illness and, most importantly, discovery and trial obligations of

22   defense counsel in two other pending matters. Defendant will, with the Court's permission, have

23   their Opposition filed not later than February 3, 2012, thereby providing Safety's counsel with

24   knowledge of Defendant's positions prior to the scheduled mediation.

25   . . .

26   . . .

27   . . .

28   . . .

III.

## THE COURT SHOULD GRANT DEFENDANT'S REQUEST

While defense counsel are certainly aware that their calendaring problems are theirs and not the Court's nor opposing counsel's, they nonetheless remain hopeful that the Court will grant the requested extension given the rather unique and unforeseen circumstances that serve as the basis for the requested extension.

Following the first extension granted by the Court, both Ms. Gordon and Mr. Cannon were required to be in scheduled depositions in a complicated business litigation, styled Corrigan Management, Inc. v. Golden Tavern Corporation, Case No. 09-A599655, from December 13, 2011 through December 23, 2011. These depositions had been set for over 30 days and could not be rescheduled as the parties had previously agreed to the schedule, given a discovery cut-off date of January 27, 2012. In addition, depositions are also scheduled in the same case from January 9, 2012 through January 13, 2012, and from January 17, 2012 through January 20, 2012.

Defense counsels' scheduling problems were further complicated when Mr. Cannon was out of the office due to a severe case of the flu from December 20, 2011 through December 21, 2011 and, then again, from December 28, 2011 through December 29, 2011 due to an illness of his wife. In addition, Mr. Cannon was also involved in a mandatory settlement conference in front of Magistrate Judge Leen on December 16, 2011 and another mediation the week of December 27, 2011. In short, between illness and depositions, Mr. Cannon was not in a position to dedicate the required time to prepare Defendant's Oppositions.

Ms. Gordon, Defendant's other counsel, found herself in exactly the same situation. She was required to attend depositions Mr. Cannon could not given his unavailability and illness. These commitments occupied substantially all of Ms. Gordon's time in the later weeks of December of 2011.

With the dawn of the new year, defense counsel finally were able to turn their attention to the required Oppositions. However, circumstances changed on Friday, January 6, 2012. On that date, both Ms. Gordon and Mr. Cannon attended a Calendar Call on a medical malpractice case that had been tentatively scheduled to commence on January 17, 2012. Both Mr. Cannon and Ms.

1 Gordon had initially hoped that this case would settle or, at the very least, be trailed on the Court's
2 calendar. However, at the Calendar Call, defense counsel were advised that all other matters on
3 the Court's calendar had settled and that their case would go forward on the tentatively scheduled
4 date. As a consequence, both Mr. Cannon and Ms. Gordon were required to spend the entire
5 weekend of January 7-8, 2012 contacting witnesses, preparing exhibit lists, preparing Jury
6 Instructions and proposed voir dire questions and basically making all arrangements necessary to
7 start a trial 11 days henceforth.

8 Realizing that there was no possible way that they could attend depositions in the Corrigan
9 case, prepare for trial in the medical malpractice case and complete the preparation of their
10 Oppositions to Plaintiff's outstanding Motions, defense counsel contacted Plaintiff's attorney in
11 the morning hours of January 9, 2011. Defense counsel explained the circumstances they were
12 facing to Plaintiff's counsel and requested one final extension with regard to their Oppositions.
13 Defense counsel further advised Plaintiff's attorney they would, notwithstanding the time
14 limitations they faced, have their Oppositions on file by February 3, 2012 so that Plaintiff would
15 know Defendant's positions prior to the scheduled February 6, 2012 mediation. Defense counsel
16 was advised by Plaintiff's attorney that he had to check with "trial counsel" and would be back in
17 contact sometime later in the afternoon. (See e-mail correspondence between counsel attached
18 hereto as Exhibit "C").

19 At approximately 2:19 P.M. on January 9, 2012, defense counsel received Plaintiff's
20 response. In short, defense counsel were advised "we have decided not to afford any further
21 extensions by stipulation. You may proceed accordingly." (See attached correspondence). As a
22 consequence, Defendant had no other option than to move this Court, on an emergency basis, for
23 the requested extension.

24 In summary, at the time the Court granted Defendant's second requested continuance of the
25 Opposition due dates, defense counsel fully expected to have their Oppositions on file by January
26 11, 2012. Defense counsel knew, given their other commitments, that filing by the 11th would be
27 difficult. Nonetheless, they were committed to using their best efforts to comply with the Court's
28 Order.

1    When the State Court, on January 6, 2012, advised defense counsel that they would be

2  going forward with their medical malpractice litigation, it became clear that there was no possible

3  way that defense counsel could prepare for trial, attend depositions and complete their Oppositions

4  to Plaintiff's outstanding Motions by January 11, 2012.  As a consequence, Defendant had no

5  alternative except to seek relief from this Honorable Court.

6    Based upon and in view of all of the foregoing, Defendant would request that the Court

7  grant the extension requested herein.  Any prejudice resulting to the Plaintiff by the Court's

8  granting of Defendant's request is minimal when compared to that faced by the Defendant if the

9  Court were to deny Defendant's Motion.

10    DATED this 10th day of January, 2012.

11

12                                        OLSON, CANNON
                                          GORMLEY & DESRUISSEAUX
13

14

15              BY:

16                    WALTER R. CANNON, ESQ.
                      Nevada Bar No. 001505
17                    KATHERINE J. GORDON, ESQ.
                      Nevada Bar No. 005813
18                    9950 W. Cheyenne Avenue
                      Las Vegas, Nevada 89129
19                    Attorneys for Defendant/
                      Counterclaimant
20                    CLARK COUNTY, NEVADA

21  IT IS SO ORDERED, THERE SHALL BE NO FURTHER EXTENSIONS GRANTED.

22  _____
    PHILIP M. PRO
23  UNITED STATES DISTRICT JUDGE

24  Dated: January 11, 2012.

25

26

27

28

OLSON, CANNON, GORMLEY & DESRUISSEAUX
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

OLSON, CANNON, GORMLEY & DESRUISSEAUX
*Law Offices of*
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the ___ day of January, 2012, I served the above

**EMERGENCY MOTION TO ENLARGE TIME FOR DEFENDANT TO RESPOND TO**

**PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT, BIFURCATION AND TO**

**TAKE JUDICIAL NOTICE (3rd Request)** through the CM/ECF system of the United States

District Court for the District of Nevada (or, if necessary, by U.S. Mail, first class, postage pre-

paid), upon the following:

Robert F. Balkenbush, Esq.
Thorndal, Armstrong,
Delk, Balkenbush & Eisinger
6590 W. McCarran Blvd. #B
Reno, Nevada 89509

An Employee of OLSON, CANNON
GORMLEY & DESRUISSEAUX

# EXHIBIT A

## AFFIDAVIT OF WALTER R. CANNON

STATE OF NEVADA        )
                                ) ss.
COUNTY OF CLARK       )

     I, Walter R. Cannon, Esq., after being duly sworn, deposes and says:

     1. That Affiant is an attorney-at-law duly licensed to practice before all of the Courts in the State of Nevada.

     2. That Affiant is one of two attorneys of the Law Offices of Olson, Cannon, Gormley & Desruisseaux assigned to represent Clark County in the litigation styled Safety Mutual Casualty Corporation v. Clark County.

     3. That Affiant has personal knowledge concerning the facts and circumstances set forth in this Affidavit and make this Affidavit based on said knowledge.

     4. That as the parties were concluding discovery in the instant litigation, it was decided, as a cost-saving measure, to schedule a mediation. To this end, the parties contacted former Supreme Court Justice William W. Maupin and a mediation date of December 9, 2011 was initially scheduled.

     5. On November 23, 2011, Safety filed three dispositive motions with the Court; to-wit: A Motion for Summary Judgment, a Motion for Bifurcation and a Motion for Judicial Notice; the original due date for the County's Oppositions to these Motions was December 10, 2011 and December 17, 2011 respectively; however, the parties stipulated to extend the Opposition due date until after the mediation in an effort to save the time and expense in filing responsive briefs should the mediation be successful; as a consequence, the parties stipulated to continue the Opposition due dates until December 27, 2011.

6. Prior to the scheduled mediation, counsel was advised by Justice Maupin the mediation could not go forward on December 9, 2011 because of a calendaring conflict; due to the unavailability of Plaintiff and/or its counsel, the mediation could not be reset until February 6, 2012; as a consequence, defense counsel contacted Plaintiff's attorneys requesting a second extension of time for their Opposition; again, defense counsel requested a date subsequent to the newly-established mediation date as a cost-saving measure; unfortunately, Plaintiff's counsel would not agree to such an extension, but did agree to a new Opposition due date of January 11, 2012; the parties thereafter submitted a Stipulation to the Court which was approved and a new Opposition due date of January 11, 2012 was established.

7. Following the first extension granted by the Court, both Ms. Gordon and Mr. Cannon were required to be in scheduled depositions in a complicated business litigation styled Corrigan Management, Inc.v. Golden Tavern Group, Case No. 09-A599655, from December 13, 2011 through December 23, 2011; these depositions could not be rescheduled as the parties had previously agreed to this schedule, given the discovery cut-off date of January 27, 2012; in addition, depositions are also scheduled in this same case from January 9, 2012 to January 13, 2012, January 17, 2012 through January 20, 2012 and January 23, 2012 through January 27, 2012.

8. In addition, defense counsel Cannon was unavailable and out of the office due to a severe case of the flu from December 20, 2011 through December 21, 2011 and, then again, from December 28, 2011 through December 29, 2011 due to a similar illness of his wife; in addition, Mr. Cannon was in a Federal Civil Rights Mandatory Settlement Conference in front of Judge Leen on December 16, 2011 and in a mediation the week of December 27, 2011.

9.   That notwithstanding the time constraints placed on Mr. Cannon and Ms. Gordon due to Mr. Cannon's illness and the Corrigan case deposition schedule, both defense counsel believe that they would have sufficient time to submit their Oppositions by January 11, 2012, the date agreed to by the parties in Defendant's second request for an extension.

10.   That on Friday, January 6, 2012, Mr. Cannon and Ms. Gordon attended a Calendar Call in a medical malpractice case that had tentatively been scheduled for trial on January 17, 2012; both defense counsel had hoped that this case would settle or, at the very least, be trailed on the Court's calendar, thereby giving them sufficient time to prepare and file their Oppositions to Plaintiff's outstanding Motions; that at the Calendar Call on January 6, 2012, the Court advised Defendant's counsel that all other cases set for January 17, 2012 had been vacated by the Court and that the medical malpractice case would be going forward on its scheduled date.

11.   That given the pending trial date, defense counsel were required to spend the entire weekend of January 7-8, 2012 contacting witnesses, preparing exhibits, preparing Jury Instructions and voir dire questions for their upcoming trial; that, as a consequence, counsel were unable and will be unable to conclude their preparation of their Oppositions to Plaintiff's outstanding Motions by the presently established due date.

12.   As a consequence, Affiant contacted Thierry Barkley, one of two Plaintiff's counsel, in the morning hours of January 9, 2011; that, during the course of the conversation, Affiant advised Mr. Barkley of the circumstances defense counsel were facing and requested a continuance of the Opposition due dates until February 3, 2012; that subsequent to the conversation, Affiant prepared and submitted to Mr. Barkley an e-mail memorializing their conversation and setting forth the circumstances that led to Affiant's request; Mr. Barkley advised Affiant that he would have to check with Mr. Balkenbush, his co-counsel, and would be

back in contact with Affiant later that day; that at approximately 2:19 P.M. on January 9, 2012,

Affiant received Mr. Barkley's response which, in effect, stated, "we have decided not to afford

any further extensions by stipulation".

      13.   That given the circumstances outlined herein, some of which were totally

unexpected, Affiant does not believe there is sufficient time remaining before the current

Opposition due date for the Defendant to prepare and file Oppositions to Plaintiff's

comprehensive Motions; that Affiant further believes that if the Court were to grant the extension

requested by the instant Motion, that the Defendant's Oppositions will be filed on or before

February 3, 2012.

      14.   That the instant Motion is made in good faith and not merely for the purposes of

delay.

      15.   That prior to filing the instant Motion, Affiant contacted Plaintiff's counsel in the

hope of resolving the matter without the need for judicial intervention; unfortunately, Affiant's

request was denied.

      16.   That this is the third and last extension that will be requested by the defense for the

filing of their Oppositions.

17. Further Affiant sayeth naught.

DATED this _10th_ day of January, 2012.

_____
WALTER R. CANNON

SUBSCRIBED AND SWORN to before me
this _10th_ day of January, 2012.

_____
NOTARY PUBLIC in and for said
County and State

NOTARY PUBLIC
MICHELLE L. ANDERSON
STATE OF NEVADA - COUNTY OF CLARK
MY APPOINTMENT EXP. OCT. 24, 2012
No: 08-8362-1

# EXHIBIT B

## AFFIDAVIT OF KATHERINE J. GORDON

| | |
|---|---|
| STATE OF NEVADA | ) |
| | ) ss. |
| COUNTY OF CLARK | ) |

I, Katherine J. Gordon, Esq., after being duly sworn, deposes and says:

1.      I am over the age of 18 and can testify to the facts herein of my own personal knowledge if called upon to do so;

2.      I am a licensed attorney with the law firm of Olson, Cannon, Gormley and Desruisseaux, counsel for Defendant/Counterclaimant Clark County in the above-entitled matter;

3.      The instant matter involves complex issues of insurance coverage. In particular, Plaintiff/Counterdefendant, Safety Mutual Casualty Company ("SMCC") was the excess workers' compensation insurance provider for Defendant/Counterclaimant, Clark County from June 1988 through June 1990. SMCC filed a Complaint for Declaratory Relief with the Court in March 2010 seeking a determination that no coverage exists under its policy for two (2) workers' compensation claims filed against the County (the Johnson and Lucas claims). In response, Clark County filed an Answer to SMCC's Complaint and a counterclaim for breach of the covenant of bad faith and fair dealing and violation of Nevada's Unfair Claims Practice Act;

4.      During the discovery phase of this matter, Affiant and lead counsel for the County, Walter Cannon, Esq., traveled to St. Louis, Missouri and took the depositions of six (6) principal employees of SMCC who were involved in the handling of the Johnson and Lucas claims. The depositions were extensive and involved interpretation of numerous claims diary entries and other voluminous documents prepared by the insurer during the seven (7) years that the Johnson and Lucas claims were pending at SMCC. Also, certain privileges were asserted by SMCC prior to, and during, the depositions of the SMCC employees which were later

withdrawn, resulting in supplemental written discovery and the need to take the continued deposition of at least one SMCC employee, Carl Reynolds;

5.      Mr. Reynolds was also later designated by SMCC as the Person Most Knowledgeable regarding the multiple items listed within the County's FRCP 30(b)(6) Notice of Deposition;

6.      Unfortunately, the County was unable to take Mr. Reynolds' deposition on the initial date and time noticed secondary to emergency medical treatment required by Mr. Reynolds;

7.      Also during the discovery phase, SMCC took the depositions of three (3) employees of the County's third-party administrator who handled the Johnson and Lucas files, three (3) County employees, and both parties took the depositions of the thee (3) retained expert witnesses in this matter (each deposition lasting, at a minimum, half of a day);

8.      As the parties were finishing the written discovery and depositions, it was decided to submit the matter to a Mediation before The Honorable William Maupin. The Mediation was initially scheduled for December 9, 2011, however, Justice Maupin later requested that the Mediation be rescheduled to February 6, 2012;

9.      On November 23, 2011 (when the matter was still scheduled for Mediation on December 9, 2011), SMCC filed three (3) dispositive Motions: a Motion for Summary Judgment; a Motion for Bifurcation; and a Motion for Judicial Notice. The due date for the County's opposition to the Motion to Bifurcate was December 10, 2011, and the County's opposition to the Motion for Summary Judgment was December 17, 2011, however, the parties stipulated to extend the opposition due date until after the Mediation in an effort to reduce the time and expense in filing responsive briefs should the Mediation be successful;

10.     When the Mediation was rescheduled, the County requested a further stipulation from SMCC's counsel providing that the responsive briefs would not be due until after the new Mediation date (should the Mediation be unsuccessful). Unfortunately, while SMCC counsel was willing to grant the County additional time to file its opposition briefs (until January 11, 2012 pursuant to a Stipulation and Order already signed by the Court), he was unwilling to extend such time until after the February 6, 2012 Mediation;

11.     At this time, the County's counsel is still in need of additional time to file adequately responsive opposition briefs to the three (3) comprehensive dispositive motions. As the Court is aware, the Motions address *each* issue involved in the complicated litigation and the responses require citation to hundreds of pages of exhibits;

12.     Additional time is also required secondary to substantially increased activity in two (2) additional cases which Affiant and Mr. Cannon are handling. First, the discovery cut-off date for a complex business litigation matter pending in the Nevada state court matter of *Corrigan Management, Inc. v. Golden Tavern Group, LLC, et al.*, Case No. 09-A599655 is January 27, 2012. Therefore, all remaining discovery must be concluded within the next three (3) weeks including, without limitation, the following: the depositions of remaining party witnesses are scheduled (one each day) for the week of January 9-13, 2012; the continued depositions of bank executives and remaining percipient witnesses are scheduled for the week of January 17-20, 2012; and the parties' experts' depositions (three (3) experts total) are scheduled for the week of January 23-27, 2012. Finally, responses to three (3) sets of pre-trial interrogatories propounded on our client, Golden Tavern Group, LLC, are due January 30, 2012;

13.     Additionally, Affiant and lead counsel are also set to begin trial in a complicated medical malpractice case, entitled *Glenda D. Doucette v. Barry Rives, M.D., et al.*,Case No. 07-A552664, on January 17, 2012 (firm trial setting).  The calendar call for this matter was held Friday, January 6, 2012 wherein counsel learned that the trial is expected to last three (3) weeks, at a minimum, secondary to the limited number of "full days" the court is able to provide for the trial;

14.     Based upon Affiant and lead counsel's incredibly compressed upcoming schedule, inadequate time remains for counsel to prepare the necessary responsive pleadings to SMCC's three (3) dispositive motions;

15.     Affiant is confident, however, that meaningful and comprehensive responses to the outstanding dispositive motions can be prepared, at the latest, prior to the Mediation to avoid any possible prejudice to SMCC (i.e. to ensure SMCC is aware of the County's positions and legal authority in support of the same).  Therefore, Affiant requests, pursuant to the corresponding Emergency Motion to Enlarge time, that additional time be granted beyond the current due date for the opposition briefs of January 11, 2012 and that a new due date of February 3, 2012 be imposed; and

16.     Affiant's request for additional time in which to file the County's responses to the

outstanding dispositive motions is entirely premised upon Affiant and lead counsel's compressed

schedule and not in an attempt to delay the process or interfere with SMCC's ability to file its

reply points and authorities in support of its motions.

FURTHER AFFIANT SAYETH NAUGHT

DATED this ___ day of January, 2012.

Katherine J. Gordon

SUBSCRIBED AND SWORN to before me
this ___ day of January, 2012.

NOTARY PUBLIC in and for said
County and State

NOTARY PUBLIC
MICHELLE L. ANDERSON
STATE OF NEVADA - COUNTY OF CLARK
MY APPOINTMENT EXP. OCT. 24, 2012
No: 08-8362-1

# EXHIBIT C

---

**From:** Nan Langenderfer [mailto:nlangenderfer@ocgd.com]
**Sent:** Monday, January 09, 2012 10:40 AM
**To:** Thierry V. Barkley
**Cc:** Katie Gordon
**Subject:** RE: Safety Mutual v. Clark County

Dear Thierry:

As a follow-up to our telephone conversation of earlier this morning, we request additional time in regard to filing our Oppositions to your Motion for Summary Judgment, Motion for Bifurcation and Motion to Take Judicial Notice. Frankly, I thought that we would have our Oppositions ready to be filed by the current date of January 11, 2012. Unfortunately, a set of what can only be described as a perfect storm of circumstances has occurred which makes the timely filing of our Oppositions impossible. I know that you and your clients would like to have the Motion for Summary Judgment heard and decided by the Court as expeditiously as possible. However, both of us, I'm sure, are aware that the Motions will not be decided before our mediation and certainly will not be decided until sometime much later in February or March, at the earliest. Therefore, given the circumstances which I will describe below, I would appreciate your professional courtesy of allowing us additional time to respond to your various Motions.

Without going into specific detail, the salient facts can be summarized as follows. Our initial response dates to your various Motions were December 10 and 17, 2011, respectively. Both of these dates were subsequent to the December 9, 2011 date that we had initially set aside for our mediation with Judge Maupin. Unfortunately, Judge Maupin later requested that mediation date be rescheduled to February 6, 2012 and that is currently the date, as I understand it, that is set for the mediation.

The filing of your Motions couldn't have come at a worse time from a calendaring prospective for Ms. Gordon and myself. As I think we told you, both of us are involved in a substantial business case which has a discovery cut-off date at the end of January. As a consequence, from December 13th until December 23rd, both Ms. Gordon and I were involved in attending depositions in that case. On top of that, I was out of the office with the flu from the 20th of December through the 21st of December. I had also been involved in a full day settlement conference with regard to a Federal Civil Rights case on December 16th and, then again, on another mediation the week of December 27th. Once again, bad luck struck on December 28th when my wife was taken ill with the flu, which was so severe that it required medical attention from our primary treating physician.

With the New Year approaching and the hope that we would be able to finally get back on track, a medical malpractice case, which we had hoped and thought would settle, failed to do so. As a consequence, Ms. Gordon and myself (the only two attorneys in our office that have any knowledge of this case), are scheduled to start trial on Tuesday, January 17th. This trial, because of shortened days (given the lack of courtroom space in Clark County), is anticipated to take approximately two weeks. Both Ms. Gordon and myself are also scheduled to be in depositions the last four days of this week on the business case that is rapidly approaching the discovery cut-off date.

As you can see, we have had little time to focus on your three Motions and adequately prepare Oppositions to them. Consequently, we are requesting an additional extension to respond to the Motions until Friday, February 3, 2012.

The reason we have chosen Friday is so that you would have our Oppositions prior to the date scheduled for the mediation. That way, you would know our position and can utilize it in making whatever decisions you might want to make during our settlement conference. I am hopeful that our trial will conclude by January 27th, thereby allowing us adequate time to put our Oppositions together. In any event, I am confident that with the additional time we are requesting, we can have our Oppositions on file by the 3rd.

We have cooperated with one another throughout the course of discovery in this case. That has resulted in convenient scheduling of the multitude of depositions and continuances on various Motions to the Court. We presently have not taken our follow-up deposition of Mr. Reynolds nor Mr. Reynolds' testimony as your PMK. Obviously, as far as the Motion for Summary Judgment is concerned, this would provide us with at least some basis for a 56(f). However, I don't believe such a request is necessary as we intend, at this point, to respond to your Motions without the need of Mr. Reynolds' further testimony. Of course, if your Motions are denied, we then do want to take Mr. Reynolds' deposition in both capacities prior to trial.

In essence, that is our position and it is my hope that you and Bob will continue to show the courtesy you have in the past. I can assure you both of our clients want to resolve this matter as soon as possible. However, given the rather unique set of circumstances that have occurred in this case, I would appreciate you extending us a professional courtesy one last time.

I would also appreciate hearing from you on our request as soon as possible. Obviously, if you are not inclined to grant the request, I will be filing an Emergency Motion with the Court seeking the requested continuance. I certainly thank you in advance for your prompt attention to my request and any courtesy you extend to us.

Very truly yours,

/s/ Walt

Nan Langenderfer
Legal Assistant to Walt Cannon, Esq.
and Katherine J. Gordon, Esq.
Olson, Cannon, Gormley & Desruisseaux
9950 W. Cheyenne Avenue
Las Vegas, NV. 89129
Phone: 702-384-4012, X135
Fax: 702-383-0701
nlangenderfer@ocgd.com

.

## Nan Langenderfer

**From:**        Thierry V. Barkley <TVB@thorndal.com>
**Sent:**        Monday, January 09, 2012 2:19 PM
**To:**          Walt Cannon; Nan Langenderfer
**Cc:**          Katie Gordon
**Subject:**     FW: Safety Mutual v. Clark County

Dear Mr. Cannon,

We have considered this third additional request for extension of time.  This has been the subject of further client consultation as well as input from trial counsel. Our client has afforded two prior extensions which were approved as both stipulations and orders from the Court. We have decided not to afford any further extensions by stipulations.  You may proceed accordingly.

As far as Mr. Carl Reynolds deposition our office presented a limited stipulation and order based on Mr. Reynolds personal health concerns continuing his second deposition.. Mr. Reynolds was prepared to provide his deposition in Las Vegas both individually and as the Rule 30 b 6  designee  and we were in the process of scheduling same pursuant to the prior SAO.  Your office elected not to take this last deposition.  As far as my client is concerned that ship has sailed.

Best regards,
Thierry V. Barkley
Of  Counsel
Thorndal Armstrong
Delk Balkenbush & Eisinger
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
Phone: 775-786-2882
Cell:    775-338-5914
email:  tvb@thorndal.com
www.thorndal.com

AV Peer Review Rated
**Martindale-Hubbell  2011**



Thierry V. Barkley

visit.superlawyers.com

This electronic message transmission contains information from this law firm of Thorndal Armstrong Delk Balkenhush and Eisinger which may be confidential or privileged. This information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure,copying, distribution or use of the contents of this information is
prohibited. If you received this electronic transmission in error, please notify us at 775 786-2882 or by electronic mail at tvb@thorndal,com. Please mail same to tvb@thorndal.com immediately and delete or destroy all copies of this transmission.