UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SAFETY MUTUAL CASUALTY CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>CLARK COUNTY NEVADA.,<br><br>Defendant. | 2:10-CV-00426-PMP-PAL<br><br><br>**ORDER** |

Before the Court for consideration is Plaintiff's fully briefed Motion for Summary Judgment (Doc. #39). Having considered the arguments presented on the papers and at the hearing conducted April 17, 2012, the Court finds that Plaintiff's Motion for Summary Judgment (Doc. #39) must be granted.

The parties are familiar with the facts of this case and they need not be restated here. Specifically, the findings of permanent total disability rendered as to fire fighters Michael Lucas on February 13, 2003, and Lloyd Johnson on April 24, 2003, on their respective claims made in 2000 were not subject to coverage under Safety Mutual Casualty's Excess Insurance Policy because under the policy and applicable Nevada law the claims advanced in 2000 did not arise from an "occurrence" for occupational diseases during the coverage period which ended in 1990. See State Indus. Ins. Sys. v. Swinney, 731 P.2d 359, 360 (Nev. 1987) ("We have adopted the last injurious exposure rule for occupational disease, successive employer/carrier cases."). Safety Mutual Casualty has not

1  waived this coverage defense because Clark County failed to assert waiver as an affirmative
2  defense, Safety Mutual Casualty advised Clark County in two June 25, 2003 letters that
3  coverage was pending further investigation of requested materials, and Safety Mutual
4  Casualty advised Clark County in November 2003 that the date of occurrence was at issue.
5  Moreover, Safety Mutual Casualty, as an excess insurer, was not required to provide a
6  reservation of rights letter under the circumstances in this case.  See U.S. Fire Ins. Co. v.
7  Vanderbilt Univ., 82 F. Supp. 2d 788, 794 (M.D. Tenn. 2000); St. Paul Fire & Marine Ins.
8  Co. v. Children's Hosp. Nat'l Med. Ctr., 670 F. Supp. 393, 402 (D.D.C. 1987); International
9  Ins. Co. v. Sargent & Lundy, 609 N.E.2d 842, 854-55 (Ill. App. Ct. 1993).  Based upon the
10 evidence and arguments submitted, the Court finds no genuine issue of material fact
11 remains and Safety Mutual Casualty Company is entitled to summary judgment on its
12 declaratory relief claim and on Clark County's related breach of contract, bad faith, and
13 declaratory relief counterclaims.
14         Clark County also brings a counterclaim under Nevada Revised Statutes
15 § 686A.310(1)(c) for Safety Casual Mutual's alleged failure to adopt or implement
16 reasonable standards for the prompt investigation and processing of claims, and
17 § 686A.310(1)(d) for the alleged failure to affirm or deny coverage within a reasonable
18 time.  Safety Mutual Casualty moves for summary judgment, arguing that because it should
19 prevail on the breach of the policy claim, it should be granted summary judgment on this
20 claim as well.  Safety Mutual Casualty further argues that Clark County cannot identify any
21 damages arising from these alleged failures because Clark County and its third party
22 administrators would have acted the same way regardless of Safety Mutual Casualty's
23 investigation or coverage decision.  Clark County responds that a failure to investigate and
24 failure to render a prompt decision may give rise to an unfair practices claim regardless of
25 whether there is a breach of the policy.
26         Clark County does not identify any evidence raising a genuine issue of material

fact that it suffered any damages from these two alleged claims handling failures apart from the denial of coverage itself.  <u>See</u> Nev. Rev. Stat. § 686A.310(2) ("[A]n insurer is liable to its insured for any damages sustained by the insured as a result of the commission of any act set forth in subsection 1 as an unfair practice.").  The Court there will grant summary judgment in favor of Safety Mutual Casualty on Clark County's unfair practices claim.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment (Doc. #39) is hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Bifurcate and Separate by Phased Trials (Doc. #42) is hereby DENIED as moot.

IT IS FURTHER ORDERED that Judgment is hereby entered in favor of Plaintiff/Counterdefendant Safety Mutual Casualty Corporation and against Defendant/Counterclaimant Clark County.

DATED:  April 25, 2012

_____
PHILIP M. PRO
United States District Judge

3